OPINION
The defendant-appellant, Gary L. Nutter ("the appellant"), appeals from the sentencing judgment of the Wyandot County Court of Common Pleas. For the following reasons, we affirm that judgment.
The pertinent facts and procedural history in this case are as follows. The appellant was indicted for one count of theft, in violation of R.C. 2913.02(A)(1), for stealing brass bushings from his employer, National Lime and Stone Company. Initially, a plea of not guilty was entered on the appellant's behalf. However, the appellant subsequently changed his plea to guilty. Upon accepting the plea and finding the appellant guilty of the offense, the court ordered a pre-sentence investigation and a sentencing hearing was set for January 27, 2001. At the hearing, the appellant was sentenced to eleven months in prison for a fifth degree felony.
Appellant now appeals, asserting two assignments of error for our review.
ASSIGNMENT OF ERROR NO. 1
The trial court erred by failing to give appropriate consideration toAppellant's expressions of remorse.
ASSIGNMENT OF ERROR NO. 2
The trial court's imposition of an eleven month prison term for one count of theft, a fifth degree felony, was unduly harsh.
In his first and second assignments of error, appellant contends that the trial court erred in the sentencing phase of the proceedings against him. We disagree.
In order to vacate a sentence and remand it to the trial court for resentencing, the reviewing court must find by clear and convincing evidence that "the record does not support the sentencing court's findings * * * * [or] [t]hat the sentence is otherwise contrary to law."[1]
Senate Bill 2 requires that a court which sentences a felony offender be guided by the prevailing principles of felony sentencing; protecting the public from future crime and punishing the offender.[2]
Furthermore, the sentence imposed must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."[3] Where a mandatory sentence is not required by statute, the court may exercise its discretion in determining how best to comply with the purposes and principles described above.[4]
However, the court's decision must be guided by a consideration of the factors set forth in subdivisions (B), (C), (D), and (E) of R.C.2929.12[5] and any additional factors that it deems relevant to achieving the overriding principles of felony sentencing.[6]
The appellant first asserts that the trial court erred in failing to consider his expressions of remorse and in basing its finding regarding the appellant's lack of remorse solely on the information in the pre-sentence investigation report. Pursuant to R.C. 2929.12(D)(5), a defendant's lack of genuine remorse is a factor that indicates a likelihood that he or she will commit future crimes, while R.C.2929.12(E)(5) deems an expression of genuine remorse as a factor indicating that recidivism is not likely.[7]
It is well established that the trial court is in the best position to address the sincerity and genuineness of the defendant's statements and the statements of others on his behalf.[8] Although the appellant acknowledges this fact, he claims that the court relied too heavily on the pre-sentence investigation report in determining that the appellant lacked remorse, in light of the fact that the court was presented with contrary testimony.
A review of the record in this case reveals that the appellant stated at the sentencing hearing and on prior occasions that he acted wrongly and that he had apologized to the victims. Also, his attorney testified to the appellant's remorsefulness. However, the pre-sentence investigation report prepared by the Adult Parole Authority stated that the appellant lacked remorse. The sentencing transcript reveals that the trial court cited only this report in finding a lack of remorsefulness and made no reference to the appellant's or his attorney's statements. Because the trial court was in a better position to assess the appellant's earnestness in this case and to weigh the credibility of the other various submissions, we cannot say that the court erred in finding that the appellant did not exhibit genuine remorse for his conduct or that the trial court erred in failing to consider his expressions of remorse. Accordingly, we find the appellant's argument not well-taken.
The appellant next maintains that the trial court improperly weighed the evidence when applying it to the sentencing criteria, which led the court to impose a prison sentence that was too harsh in light of the circumstances of the case. We note as a preliminary matter that the appellant does not attempt to argue, nor does the record reflect, that the trial court's application of the sentencing guidelines was procedurally flawed. Rather, the appellant simply takes issue with the way in which the court construed the relevant evidence.
As noted above, where no mandatory sentence is required, it is within the purview of the trial court to fashion a sentence that is consistent with the goals of felony sentencing. The only mandate is that the court's decision be guided by a consideration of the factors in subdivisions (B), (C), (D), and (E) of R.C. 2929.12 and whatever additional factors that it deems relevant.[9] In determining the appropriate sentence, the trial court below found a high probability of recidivism due to the appellant's prior criminal history, his numerous parole violations, and his lack of remorsefulness. With regards to the seriousness of the crime, the court found that the appellant's employee-employer relationship with the victim facilitated the offense. Although the court made no mention of any mitigating factors, the court was well within its discretion in determining which evidence before it was relevant to the sentencing decision. Thus, we find the appellant's second argument not well-taken.
In conclusion, we find that the trial court properly complied with the requirements of R.C. 2929 prior to imposing an eleven month sentence for a fifth degree felony. The trial court first found that a factor enumerated in R.C. 2929.13(B)(1) was applicable.[10] Next, the court properly considered the seriousness and recidivism factors pursuant to R.C. 2929.12.
Accordingly, the appellant's first and second assignments of error are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS, P.J., and SHAW, J., concur.
[1] R.C. 2953.08(G)(2)(a).
[2] R.C. 2929.11(A).
[3] R.C. 2929.11(B).
[4] R.C. 2929.12(A).
[5] Id.
[6] Id.
[7] R.C. 2929.12(D)(5) R.C. 2929.12(E)(5).
[8] State v. Bennett ((June 21, 2000), Hancock App. No. 5-2000-05, unreported. See also State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported.
[9] R.C. 2929.12(A)
[10] The court found that the appellant previously been admitted to prison at least three times and was returned to prison four times for various parole or probation violations.